IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DERRELL LANDRY,** individually,<br><br>Plaintiff,<br><br>v.<br><br>**DIRECTIONAL PROJECT SUPPORT, INC.,** and **WILLIAM GARDNER,** individually,<br><br>Defendants. | **Case No. 5:21-cv-886**<br><br>**Jury Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Derrell Landry ("Plaintiff") brings this Fair Labor Standards Act ("FLSA") suit against Defendants Directional Project Support, Inc. and William Gardner (collectively, "Defendants"), and shows as follows:

### I. SUMMARY

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff routinely worked in excess of 40 hours per week on Defendants' behalf but was not paid lawfully for doing so because Defendants misclassified Plaintiff as

PLAINTIFF'S ORIGINAL COMPLAINT                                                                 Page - 1

"exempt" from the FLSA and only paid him on a day rate basis. Defendants' actions in failing to pay Plaintiff overtime in violation of the FLSA was "willful."

## II.   PARTIES

3. Plaintiff Derrell Landry is an individual who was employed by Defendants within the meaning of the FLSA. Plaintiff's consent to proceed in this action is attached as "Exhibit A."

4. Plaintiff is a former non-exempt worker that was paid on a day rate basis, known as an "Inspector" or by some other name, but was not properly paid for all of his hours worked.

5. Defendant Directional Project Support, Inc. ("DPS") does business in this District and can be served with process through its registered agent, John Roger Cox, who may be served at 1790 Hughes Landing Blvd., Suite 400, The Woodlands, TX 77380-3534, or wherever he may be found.

6. Defendant William Gardner ("Gardner") is an individual who may be served at 33311 Lois Lane, Ste A Magnolia, TX, 77354, or wherever he may be found.

## III.   JURISDICTION AND VENUE

7. This Court has jurisdiction over the claims because Plaintiffs have asserted a claim arising under federal law and specifically the FLSA.

8. Venue is proper in this District because the events forming the basis of the suit occurred in this District and one or more of the Parties resides in this District.

## IV.   COVERAGE

9. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

10. At all times hereinafter mentioned, Defendants have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V.     FACTUAL ALLEGATIONS

12. Defendant DPS is a horizontal directional drilling business and does business throughout Texas and the United States. Defendants earn over $500,000.00 per year in gross sales.

13. Defendant Gardner holds himself out as the President of DPS in which capacity he has controlled the day-to-day operations of Defendant DPS. Specifically, during this time period, Gardner (1) had the power to hire and fire Plaintiff; (2) controlled the amount Plaintiff was to be paid for each hour of work; and (3) regularly controlled and established company rules for Plaintiff.

14. Plaintiff specifically was referred to as an "Inspector" for Defendants during the three years prior to the filing of this lawsuit, and occupied this position for a period of several consecutive years, from approximately November 2017 to March 2019.

15. In this capacity, Plaintiff was one of Defendants' numerous frontline field employees, primarily performed manual labor tasks, including in and around Defendants' job

sites outside in various oilfields. Plaintiff performed non-discretionary tasks as he was assigned and instructed at regular meetings.

16. Plaintiff routinely worked over 40 hours per week. In fact, he was often required to work in excess of 75 hours in weeks covered by this lawsuit and for Defendants. However, he was not paid overtime for doing so. Defendants knew that Plaintiff worked in excess of 40 hours per week and they allowed and directed him to do so.

17. Plaintiff is entitled to receive overtime pay for all hours worked in excess of 40 per work week and lawful minimum wage. Defendants are aware of the FLSA's requirements and chose not to pay Plaintiff lawfully. Defendants received complaints regarding the excessive work hours and lack of overtime pay and have faced multiple lawsuits regarding their wage and hour practices but have failed to rectify or account for these damages. Defendants willfully treated Plaintiff as exempt from the FLSA and refused to pay him overtime pay and in accordance with the law.

## VI.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

18. During the relevant period, Defendants violated and are violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such employees. Defendants acted willfully in failing to pay Plaintiff in accordance with the law.

## VII. RELIEF SOUGHT

19. WHEREFORE, cause having been shown, Plaintiff prays for relief against Defendants as follows:

    a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

    b. For an Order awarding Plaintiff the costs of this action;

    c. For an Order awarding Plaintiff attorneys' fees;

    d. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law; and

    e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ J. Forester*
J. Forester, Texas Bar No. 24087532
**FORESTER HAYNIE PLLC**
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax
Email: jay@foresterhaynie.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document will be served on Defendants with the summons for this lawsuit.

*/s/ J. Forester*
**J. Forester**